United States District Court

For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   ALLSTATE INSURANCE COMPANY,              No. C 05-02385 WHA

11              Plaintiff,

12      v.                                    **ORDER DENYING**
                                              **MOTION TO STAY AND**
13   RONALD GILLETTE, an individual, TRI-STAR **VACATING HEARING**
     MOTIONS, LLC, a limited liability company,
14   GOLDEN WEST MOTORS, a general partnership,
     PETER LIEBOWITZ, an individual, and LOURDY
15   HERRERA, an individual,

16              Defendants.
     _____
17
     STATE NATIONAL INSURANCE AGENCY, INC.
18
                Cross-Claimant,
19
        v.
20
     TRI-STAR MOTIONS, LLC; PETER LIEBOWITZ
21
                Cross-Defendants.
22   _____/

23

24                           **INTRODUCTION**

25          In this action for declaratory judgment, defendant Peter Liebowitz moves to stay this

26   action pending resolution of a related action in state court.  After consideration of the

27   *Brillhart/Dizol* factors, this order finds that no stay of this action is warranted.  Liebowitz's

28   motion, therefore, is **DENIED**.

**United States District Court**
For the Northern District of California

**STATEMENT**

Defendants Peter Liebowitz and Ronald Gillette had a business relationship through which they formed defendant companies Tri-Star Motions, LLC and Golden West Motors. Gillette and Liebowitz purchased used vehicles at automobile auctions and then resold the vehicles using Tri-Star's dealer license.

On October 1, 2004, defendant Lourdy Herrera was walking in the parking lot of a supermarket in Hayward, California when she was struck by a 2003 Mitsubishi Gallant. The Mitsubishi was being driven by Gillette. The ownership of the Mitsubishi is a point of dispute in this litigation.

Prior to the accident, plaintiff Allstate Insurance Company had issued Gillette a "personal lines" automobile policy. Several provisions of the policy are important for resolution of the instant motion. The policy included in the definition of "insured persons" "[a]ny other person or organization liable for the use of an insured **auto** if the **auto** is not owned or hired by the person or organization, provide the use is by an insured person" (First Amd. Compl. Exh. A) (emphasis in original).

Under the definition of "insured auto," the policy included (*ibid.*):

> An additional four wheel passenger **auto** or **utility auto you** become the owner of during the policy period will be covered for 30 days immediately after **you** acquire it. However, **we** will provide this coverage only if **Allstate** or one of its affiliates insured all other private passenger **autos** or **utility autos** you own, and **you** pay the additional premium.

Furthermore, the policy further defined "insured auto" as "[a] non-owned **auto** used by **you** or a **resident** relative with the owner's permission. This **auto** must not be owned by or furnished for the regular use of **you** or a resident relative" (*ibid.*).

Finally, the policy provided several exclusions, two of which are relevant here. The policy excluded "**bodily injury** or property damage arising out of auto business operations such as repairing, servicing, testing, washing, parking, storing, or selling **autos**" (*ibid.*). Additionally, the policy excluded "**bodily injury** or property damage arising out of the use of a non-owned **auto** in any business or occupation of an insured person" (*ibid.*).

United States District Court

For the Northern District of California

Separately, Tri-Star took out a policy with cross-claimant State National Insurance Agency, Inc.  The provisions of that policy are not relevant to the instant motion.

*                    *                    *

On June 13, 2005, Allstate filed the instant action seeking a declaration of its rights and responsibilities under Gillette's policy in connection with the Mitsubishi accident.  Allstate provided three grounds why the policy does not cover the accident.  *First*, Allstate contended that if Gillette owned the Mitsubishi, it was not an "insured auto" because he failed to notify Allstate of his acquisition of the car within thirty days.  *Second*, if Gillette did not own the car, Allstate contended that the car was still not an "insured auto" because it was then a non-owned auto furnished for Gillette's regular use.  *Third*, Allstate maintained that the Mitsubishi was excluded from coverage because it was used in "auto business operations," a term which includes "selling autos" under the policy (*id.* ¶ 23).  By extension, Allstate alleged that Liebowitz, Golden West, Tri-Star are not "insured persons" because Herrera's injuries did not arise out of the use of an "insured auto."

Thereafter, State National filed a cross-complaint in this action against Tri-Star and Liebowitz.  The cross-complaint alleged that Tri-Star misrepresented material information about its business when it applied for its policy with State National.

More than six months after Allstate's complaint was filed, on December 16, 2005, Herrera filed a complaint in California Superior Court for Alameda County against Gillette, Liebowitz and Tri-Star seeking to recover under a theory of negligence for injuries she allegedly sustained during the accident (RJN Exh. A).[1]  Based on Gillette and Liebowitz's purported coverage under the Allstate policy, Allstate has been defending these two individuals in the state-court action.

Defendant Liebowitz now moves to stay this action so as to allow for resolution of Herrera's state claim.  No other parties have joined Liebowitz's motion.  The main thrust of

---

[1]Allstate seeks judicial notice of two documents, the complaint from the state-court action and a request for extension filed in this action.  Both of these court documents are proper subjects for judicial notice, but are not relied on for the truth of their contents herein.  *See* Fed. R. Evid. 201; *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001).

**United States District Court**
For the Northern District of California

1  Liebowitz's instant motion is that he will be unfairly burdened by having to argue inconsistent

2  positions in the parallel proceedings, with the potential of being bound by collateral estoppel.

3  In the state-court action, Liebowitz has asserted that he was not vicariously liable for the

4  allegedly negligent conduct of Gillette.  In this action, Liebowitz has maintained that he is

5  covered by Allstate as an insured person due to his business relationship with Gillette.

6  Additionally, Liebowitz contends a stay of this action is necessary because it is unfair to

7  make him wage a two-front war.  Finally, Liebowitz suggests that Allstate has not been

8  providing an adequate defense in the state-court action due to its collusion with Herrera's state-

9  court counsel.  His primary example of such collusion is that Allstate consolidated Liebowitz's

10  deposition with Herrera's state-court counsel.

11  Allstate argues that the issues in the parallel actions are simply different.  According to

12  Allstate, Liebowitz's vicarious liability is not relevant to whether he is covered under the

13  Allstate policy.  Coverage, according to Allstate, hinges on whether the Mitsubishi is a

14  "covered auto."  This will require an analysis of Gillette's reporting of the car and whether the

15  car was furnished for his use.  Being a covered auto also will depend on whether the Mitsubishi

16  was involved in business operations.  None of these questions, it is argued, turn on Liebowitz's

17  relationship to Gillette, Golden West and Tri-Star.

18  Finally, as to collusion, Allstate counters that Liebowitz was evasive on proposed

19  deposition times for this action, thus it was reasonable to coordinate with Herrera's state-court

20  counsel.

21  State National has also submitted a "limited" opposition to Liebowitz's motion,

22  separately from Allstate's opposition.  State National argues that it has no objection to staying

23  this action as to Allstate's claims.  State National maintains, however, that its claims against

24  Tri-Star and Liebowitz have nothing to do with the underlying Mitsubishi accident and

25  therefore should not be impeded.

26  **ANALYSIS**

27  Determination whether to stay an action for declaratory relief over which a federal court,

28  as here, has statutory jurisdiction is a discretionary question for the district court:

4

United States District Court

For the Northern District of California

> Consistent with the nonobligatory nature of the remedy, a district
> court is authorized, in the sound exercise of its discretion, to stay
> or to dismiss an action seeking a declaratory judgment before trial
> or after all arguments have drawn to a close.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "[T]here is no presumption in favor of

abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Gov't*

*Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc).

In *Dizol*, the Ninth Circuit articulated the relevant factors for a court to consider in

making this discretionary determination whether to retain jurisdiction over an action for

declaratory relief.  As a touchstone, a court should look to the so-called *Brillhart* factors:

avoiding needless determination of state-law issues, discouraging forum shopping, and avoiding

duplicative litigation.  Additionally, a court may consider:

> . . . whether the declaratory action will settle all aspects of the
> controversy; whether the declaratory action will serve a useful
> purpose in clarifying the legal relations at issue; whether the
> declaratory action is being sought merely for the purposes of
> procedural fencing or to obtain a 'res judicata' advantage; or
> whether the use of a declaratory action will result in entanglement
> between the federal and state court systems.  In addition, the
> district court might also consider the convenience of the parties,
> and the availability and relative convenience of other remedies.

*Id.* at 1225 n. 5 (internal citation omitted).

*          *          *

Here, as to the touchstone *Brillhart* factors, the scales do not tip toward staying the

federal action.

This action certainly presents state-law issues involving insurance coverage.  Yet these

issues are not particularly complex or novel.  This case also does not seem to particularly invite

forum shopping.

The real question, as far as the *Brillhart* factors, is to what degree Allstate's action

invites unnecessary, duplicative litigation.  This order agrees with Allstate that the issues are

not truly duplicative.  As Allstate points out, the issues of coverage in this action focus on the

covered status of the Mitsubishi.  Liebowitz will only be covered if the Mitsubishi covered.  On

the contrary, Liebowitz's potential liability in the state action depends on the legal status of

Liebowitz's business relationship with Gillette and the nature of Tri-Star and Golden West.  It is

5

true that Allstate is relying on an exclusion that would bar coverage of the Mitsubishi if the car was involved in business operations. But the legal status of those business operations will not need to be determined to analyze whether the car was part of some business operations—it does not really matter here whether Tri-Star and Golden West are partnerships, corporations or any other type of entity.

This order does not find that the additional *Dizol* factors weigh in favor of a stay either. This declaratory relief action will not necessarily settle all aspects of the controversy. Of course, Gillette's negligence with respect to Herrera and the other parties' vicarious liability to Herrera will not be decided in this federal action. But the coverage issues will be conclusively determined.

This leads to the second additional consideration: "whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue." *Dizol*, 133 F.3d at 1225 n. 5. This factor weighs strongly in favor of Allstate. Allstate is currently encumbered with the responsibility of defending the state-court action. If it turns out that the Mitsubishi is not covered under the Allstate policy, this burden would be lifted. Determining what Allstate's burden is *vis a vis* Liebowitz and Gillette is an important and pressing question.

Liebowitz argues that the collateral-estoppel question militates in favor of a stay. Liebowitz points to several authorities, from both inside and outside this jurisdiction, supposedly emphasizing the importance of considerations of collateral estoppel. *See Montrose Chem. Corp. v. Super. Ct.*, 25 Cal. App. 4th 902, 910 (1994) ("If the declaratory relief action is tried before the underlying litigation is concluded, the insured may be collaterally estopped from relitigating any adverse factual findings in the third party action"); *The Home Indem. Co. v. Stimson Lumber Co.*, 229 F. Supp. 1070, 1090 (D. Or. 2001); *National Chiropractic Mut. Ins. Co. v. Doe*, 23 F. Supp. 2d 1109, 1123 (D. Alaska 1998); *Sass Investors Servs. v. Reliance Ins. Co. of Ill.*, 810 F. Supp. 1082, 1090 (N.D. Cal. 1992). Contrary to the implications of Liebowitz's motion, this order will not weigh the potential for collateral estoppel more heavily than any other factor, nor do any of these authorities invite such a reading. Indeed, in denying a motion to stay, the *Sass* opinion held that "the mere possibility of collateral estoppel does not

United States District Court

For the Northern District of California

justify a stay of the declaratory proceeding." *Sass*, 810 F. Supp. at 1090.  Moreover, as noted, this order does not find that the issues at stake in the parallel proceedings are equivalent.  This action focuses on the Mitsubishi.  The state-court action, at least with respect to Liebowitz, focuses on the businesses.

For the same reason, this order does not find that the parallel proceedings invite undue entanglement between the state and federal courts.  The issues are sufficiently distinct in the two actions so that the courts will not be stepping on each other's toes.

Nor does consideration of convenience to the parties overwhelmingly favor Liebowitz. Certainly, fighting a "two-front war" is less than desirable for Liebowitz.  Courts, as Liebowitz's authorities demonstrate, have not been blind to this concern.  *See, e.g.*, *Wells Dairy, Inc. Travelers Indem. Co. of Ill.*, 241 F. Supp. 2d 945, 976 (N.D. Iowa 2003); *Montrose*, 25 Cal. App. 4th at 910.  Nevertheless, it is also inconvenient for Allstate to face uncertainty over whether it has a burden to defend Liebowitz or Gillette throughout the duration of the state-court action.  If Allstate can secure a favorable determination here, it would alleviate that burden.

Finally, although not one of the explicitly enunciated factors in *Dizol*, Liebowitz contends that this order must take into account the potential for collusion.  This order is not persuaded that the purported collusion requires a stay.  It appears, although not entirely clear, that Liebowitz himself is partly responsible for the need for consolidation of his deposition in the two actions.  More importantly, however, Allstate has every incentive to litigate the state-court action to its fullest extent.  If Allstate can show that Gillette was not negligent when the Mitsubishi struck Herrera, Allstate's potential liability for Herrera's injuries will disappear, regardless of whether the Mitsubishi was covered under the Allstate policy.  A stay of this action is not warranted.[2]

---

[2]It is also worth at least noting again in passing that Allstate filed first, by over six months.  "The order of filing is a factor that may be considered but the discretion of the federal court cannot turn on so mechanical a rule."  Wright and Miller, *Federal Practice and Procedure*, § 2758 (3d ed. 1998).

Given this conclusion, this order need not consider State National's separate opposition. There is no reason to stay State National's cross-complaint for Tri-Star's misrepresentations given that Allstate will be allowed to go forward with its declaratory relief action in this Court.

## CONCLUSION

For the foregoing reasons, defendant Liebowitz's motion to stay is **DENIED**.  Finding no further argument necessary, the hearing on this motion is hereby **VACATED**.


**IT IS SO ORDERED.**


Dated:  April 17, 2006.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

8