**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   ALLSTATE INSURANCE COMPANY,              No. C 05-02385 WHA

11                Plaintiff,

12      v.                                    **ORDER GRANTING LEAVE
                                              TO FILE THIRD-PARTY**
13   RONALD GILLETTE, an individual, TRI-STAR **COMPLAINT AND
     MOTIONS, LLC, a limited liability company, VACATING HEARING**
14   GOLDEN WEST MOTORS, a general partnership,
     PETER LIEBOWITZ, an individual, and LOURDY
15   HERRERA, an individual,

16                Defendants.

17   ————————————————————————

18   STATE NATIONAL INSURANCE AGENCY, INC.

19                Cross-Claimant,

20      v.

21   TRI-STAR MOTIONS, LLC,

22                Cross-Defendant.

     ————————————————————————/

23

24        Defendant Tri-Star Motions, LLC seeks leave to file a third-party complaint against

25   George Piper Insurance Services, Inc. pursuant to Federal Rule of Civil Procedure 14(a).

26   Plaintiffs have stipulated to Tri-Star's request.

27        Federal Rule of Civil Procedure 14(a) provides:

28             At any time after commencement of the action a defending party,
               as a third-party plaintiff, may cause a summons and complaint to

**United States District Court**
For the Northern District of California

1     be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

2

3    If the cross-complaint is to be filed more than ten days after an answer is filed in the case, Rule

4    14(a) requires leave of court. Even where the cross-complaint lacks an independent basis for

5    subject-matter jurisdiction, a court will be able to adjudicate the claim under its ancillary

6    jurisdiction. "The purpose of this rule is to promote judicial efficiency by eliminating the

7    necessity for the defendant to bring a separate action against a third party who may be

8    derivatively liable to the defendant for all or part of the plaintiff's original claim." *Kim v.*

9    *Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989).

10        George Piper may be responsible to Tri-Star for all or part of any liability for insurance

11    coverage in the underlying action. This order thus finds that Tri-Star is entitled to file a cross-

12    complaint under Rule 14(a). Tri-Star's motion is, therefore, **GRANTED**. Tri-Star is instructed to

13    file and issue summons on their cross-complaint by no later than **JUNE 9, 2006**. To allow the

14    parties additional discovery relevant to this third-party complaint, the deadlines for non-expert

15    discovery and designation of expert testimony and disclosure are hereby extended to **JULY 31,**

16    **2006**. All other deadlines and the trial date set forth in the case management order remain in

17    place. Finding no further argument necessary, the hearing on this motion is hereby **VACATED**.

18

19

20        **IT IS SO ORDERED.**

21

22    Dated: June 5, 2006

23                               WILLIAM ALSUP
                                   UNITED STATES DISTRICT JUDGE

24

25

26

27

28